UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMPLY BRIGHT IDEAS, INC.,

        Plaintiff,

v.

WORTH INVESTMENT
GROUP, LLC, *et al*.,

        Defendants.
_____/

Case No. 2:19-cv-11718
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE (ECF No. 26), DENYING DEFENDANTS' MOTION TO QUASH SUBPOENAS AND TO SET A HEARING DATE FOR THE PENDING MOTION FOR SUMMARY JUDGMENT (ECF No. 21) AND ESTABLISHING DEADLINES AND PARAMETERS FOR THE COMPLETION OF DISCOVERY**

       This matter came before the Court for consideration of Defendants' motion (ECF No. 21) to quash subpoenas and to set a hearing date for the pending motion for summary judgment (ECF No. 18), and Plaintiff's motion for leave to file a late response (ECF No. 26) to Defendants' motion to quash. Judge Borman referred these motions to me for a hearing and determination. (ECF Nos. 22, 27.) As a result of the COVID-19 global pandemic, a hearing was held via Zoom technology on September 3, 2020, at which counsel appeared and the Court entertained oral argument regarding the motions.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for leave to file a response (ECF No. 26) is **GRANTED**, the Court having found excusable neglect under Fed. R. Civ. P. 6(b)(1)(B), and will be accepted by the Court as Plaintiff's only response to Defendants' motion to quash.

However, Defendants' motion to quash subpoenas and to set a hearing date for their pending motion for summary judgment (ECF No. 21) is **DENIED**.  The Court finds, in accordance with the language of the parties' stipulated order extending discovery (ECF No. 19), that Plaintiff issued the subject subpoenas to Michael Kiker, Corey Lines, Roman Slaybaugh, and Nick Page after the amended close of discovery on July 1, 2020.  Nevertheless, the Court finds that under Fed. R. Civ. P. 30 and 45, subpoenas were unnecessary here, as both Kiker and Page satisfy the criteria to be considered officers, and all four—Kiker, Page, Lines, and Slaybaugh—satisfy the criteria to be considered managing agents of one or more Defendants.  And Plaintiff duly noticed the deposition for each prior to the March 30, 2020 original discovery deadline.  Moreover, defense counsel confirmed that each could be relied on to give testimony at his request, in response to Plaintiff's demand.  *See, e.g., Angiodynamics, Inc. v. Biolitec AG,* 991 F.Supp.2d 283, 295 (D. Mass. 2014); *see also*, 7 *Moore's Federal Practice*, § 30.03.  Thus, Defendants

are required to make Kiker, Page, Lines, and Slaybaugh available for deposition without the necessity of subpoenas.  Additionally, Defendants are entitled to the depositions of Brian Brader and a Fed. R. Civ. P. 30(b)(6) witness, each of which were duly noticed by Defendants prior to the March 30, 2020 original discovery deadline.[1]

All six depositions identified above must be taken by remote video technology, *e.g.,* Zoom, and completed on or before **Monday, November 2, 2020**, in accordance with the applicable Federal Rules of Civil Procedure.

Further, the parties are directed to conduct a conference via video technology pursuant to E.D. Mich. LR 7.1 and 37.1 from **2:00pm to 4:00pm on Friday, September 4, 2020**, to discuss any outstanding discovery requests and potential discovery motions.  Any future discovery motions must be filed with the Court **no later than Thursday, September 10, 2020**, and must pertain only to discovery requests served prior to the March 30, 2020 original discovery deadline.  If either side timely files a discovery motion, it must contain a certification that the

---

[1] In the alternative, even if Plaintiff was required to issue subpoenas under Fed. R. Civ. P. 45, the Court would permit the depositions of Kiker, Page, Lines, and Slaybaugh under the extraordinary circumstances presently before us, and would excuse the untimeliness of those subpoenas vis-à-vis the lifting of the Governor's Executive Order 2020-21.  *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

3

above-referenced video conference occurred, or it will not be considered by the Court.  And the Court will permit no additional discovery to be initiated, beyond the six depositions identified herein.

Finally, notwithstanding Judge Borman's referral of the entirety of Defendants' motion to quash and to set a hearing date for the pending summary judgment motion, the parties are instructed to contact Judge Borman's chambers for dates related to the summary judgment motion, as that motion is not before me. Plaintiff's counsel having acknowledged on the record that he does not have a good faith basis for filing a motion to delay consideration of the summary judgment motion under Fed. R. Civ. P. 56(d), the Court will determine when to schedule a hearing at its discretion.  Moreover, whether and when Plaintiff may file a response to the summary judgment motion, and whether any "other future dates" need to be adjusted under ¶ 4 of the Stipulated Order Extending Discovery, Adjourning Summary Judgment Dates, Facilitation and Scheduling Order (ECF No. 19, PageID.215) are issues not before me, and will be determined by Judge Borman.[2]

**IT IS SO ORDERED.**

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: September 4, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE