UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMPLY BRIGHT IDEAS, INC.,

       Plaintiff,

v.

WORTH INVESTMENT
GROUP, LLC, *et al*.,

       Defendants.
_____/

Case No. 2:19-cv-11718
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**ORDER VACATING THE COURT'S ORDER TO SHOW CAUSE (ECF No. 34), AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (ECF No. 30) AND PLANTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 31)**

This matter came before the Court for consideration of: **(1)** Plaintiff's motion for an order to show cause against non-party Makers Company, Inc. (ECF No. 32) and the Court's subsequent show cause order (ECF No. 34); **(2)** Defendants' motion to compel discovery (ECF No. 30), Plaintiff's response in opposition (ECF No. 37), Defendants' reply (ECF No. 39), and the parties' joint lists of unresolved issues (ECF Nos. 41 & 42); and **(3)** Plaintiff's motion to compel discovery (ECF No. 31), Defendants' response in opposition (ECF No. 36), and the parties' joint lists of unresolved issues (ECF Nos. 41 & 42). Judge Borman referred these motions to me for a hearing and determination. (ECF No. 33.) As a result of the COVID-19 pandemic, a hearing was held via Zoom technology on

October 14, 2020, at which counsel for the parties and a non-attorney representative from non-party Makers Company, Inc. appeared, and the Court entertained oral argument regarding the motions.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court **VACATES** its order to show cause (ECF No. 34), as Plaintiff has filed no proof that it served the subject subpoena upon non-party Makers Company, Inc., and **GRANTS IN PART and DENIES IN PART** each motion to compel (ECF Nos. 30 & 31) as follows:

- The Court finds that the relevant time period for the discovery at issue in each motion is <u>October 4, 2011 to February 28, 2019</u>, and limits all discovery ordered herein to that time period.

- **Interrogatory No. 19** of Defendants' First Set of Interrogatories and Requests for Production: The Court finds Interrogatory No. 19 to be overbroad, but orders that Plaintiff **SUPPLEMENT** its response, limited to the relevant time period listed above, as well as to the definition of "products" and the defined territories contained in the Agreement at issue (*see* ECF No. 18-2, PageID.175). However, Defendants may explore the topic raised in Interrogatory No. 19 without these limitations at the upcoming deposition of Plaintiff's principal, in order to explore his background.

- **Interrogatory Nos. 20-23** of Defendants' First Set of Interrogatories and Requests for Production: The Court **OVERRULES** Plaintiff's objections to each based on relevancy, in light of Defendants' affirmative defenses of unclean hands and material breach of contract, and in light of the Agreement's requirement that Plaintiff use ethical business practices. Thus, the Court orders that Plaintiff **SUPPLEMENT** its responses to

2

Interrogatory Nos. 20, 21, 22, and 23, limited to the relevant time period listed above.

- **Interrogatory Nos. 24 and 25** of Defendants' First Set of Interrogatories and Requests for Production: The Court orders that Plaintiff **RESPOND** to Interrogatory Nos. 24 and 25, limited to the relevant time period listed above and to the territories identified in the Agreement at issue (*see* ECF No. 18-2, PageID.175).

- **Interrogatory No. 26** of Defendants' First Set of Interrogatories and Requests for Production: The Court orders that Plaintiff **RESPOND** to Interrogatory No. 26 by providing a breakdown of compensation as described therein to the extent possible.

- **Requests to Produce Nos. 1 and 2** of Defendants' First Set of Interrogatories and Requests for Production: If Plaintiff identifies documents responsive to Requests to Produce Nos. 1 and 2 in the course of responding or supplementing its responses to the above Interrogatories, it shall **PRODUCE** those documents.

- **Requests to Produce Nos. 9 and 10** of Plaintiff's First Set of Discovery Requests (*see* ECF No. 31-4): The Court **SUSTAINS IN PART** Defendants' objection that Request to Produce Nos. 9 and 10 are overbroad. Thus, the Court orders that Defendants **SUPPLEMENT** their responses to Requests to Produce Nos. 9 and 10 and **PRODUCE** Qualite Sales Orders, Qualite Order Forms, Qualite Quotations, and e-mails or other communications with StessCrete, Valmont, Baldwin, and Makers Sales for poles or other equipment quoted for jobs, bids, or opportunities, limited to the relevant time period listed above, and to the territories listed in the Agreement at issue (*see* ECF No. 18-2, PageID.175; ECF No. 31-4, PageID.566, 593-595). This ruling is without prejudice to Plaintiff seeking more information if it later obtains a favorable ruling on the issue of whether the contract provided Plaintiff with the exclusive right to sell Qualite Sports Lighting, LLC Products in the defined territory, as raised in Defendants' motion for partial summary judgment (ECF No. 18); however, the Court does not promise that any more discovery will be permitted, as all such requests would still be subject to the requirements of

    discoverability and proportionality set forth in Fed. R. Civ. P. 26(b)(1).

- **Requests to Produce Nos. 9-13** of Plaintiff's Second Set of Discovery Requests (*see* ECF No. 31-5): The Court **SUSTAINS IN PART** Defendants' objections based on proportionality. However, the Court orders that Defendants **SUPPLEMENT** their responses and **PRODUCE** the documents requested in Requests to Produce Nos. 9, 10, 11, 12, and 13, limited to the relevant time period listed above.

- **Requests to Produce Nos. 14 and 15** of Plaintiff's Second Set of Discovery Requests (*see* ECF No. 31-5): Requests to Produce Nos. 14 and 15 have been **WITHDRAWN**.

The parties must fully comply with this Order by **Wednesday October 28, 2020**, and all depositions must be completed prior to mediation, which is currently scheduled for November 19, 2020. Finally, the Court awards no costs, neither party having prevailed in full. *See* Fed. R. Civ. P. 37(a)(5)(C).

    **IT IS SO ORDERED.**

Dated: October 16, 2020

                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE